## Morreale v. Prince, Appellant.

Argued October 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph A. Del Sole,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

*John E. Evans, Jr.,* with him *Louis J. Bloch,* and *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 11, 1969:

In this automobile accident case there was introduced at trial evidence that immediately prior to the

accident the defendant-appellant had been in the "Club 30", an "after-hours" bar in Pittsburgh. There was no suggestion that appellant was intoxicated or even that he had been drinking, and the fact that appellant had been in the "Club 30" was utterly irrelevant to the case. Appellant objected to the admission into evidence of this reference to the "Club 30" on the ground that it was unduly prejudicial. We agree.

This Court has long held that ". . . while proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive . . . ." *Fisher v. Dye,* 386 Pa. 141, 148, 125 A. 2d 472, 476 (1956) (citations omitted). See also *Cook v. Phila. Trans. Co.,* 414 Pa. 154, 199 A. 2d 446 (1964) ; *Wentworth v. Doliner,* 399 Pa. 356, 160 A. 2d 562 (1960) ; *Barrick's Adm'r v. Negley's Adm'x,* 14 Cumb. 115 (1964); *Kenyon v. Ellison,* 56 Lanc. 358 (1959).

In terms of the possible prejudice there is no functional difference between evidence that a litigant was drinking and evidence that he was in a bar. Both pieces of evidence give rise to the insidious inference that the individual involved was intoxicated or under the influence of alcohol, which inference, without some proof of intoxication, has no role to play in any case.

Judgment reversed and case remanded for a new trial.

Mr. Justice POMEROY took no part in the consideration or decision of this case.