Sentz, Appellant, *v.* Dixon.

*Penn B. Glazier,* with him *William A. Atlee, Jr.,* and *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellant.

*Lawrence J. Ruggiano,* with him *Frank Edward Roda,* and *Roda, Morgan, Hallgren and Heinly,* for appellee.

OPINION BY SPAULDING, J., March 27, 1973:

Appellant Martin Sentz brought this trespass action seeking recovery for injuries received when he was struck by an automobile operated by appellee Lamar Dixon. The accident occurred about 2:00 a.m. on the morning of September 8, 1968. Appellant was a pedestrian crossing Route 30 in East Lampeter Township, Lancaster County. Trial was held in the Court of Common Pleas of Lancaster County before President Judge William G. JOHNSTONE, Jr. and a jury, resulting in a verdict for the appellee on which judgment was entered. Appellant contends, *inter alia,* that the trial court erred in admitting prejudicial testimony that he had been drinking without any proof of intoxication to a degree indicative of recklessness or unfitness to walk at the time of the accident.

At trial, appellant called the emergency room physician who had treated him following the accident. He testified as to appellant's medical condition, but made no reference to any hospital records. On cross-examination, counsel for appellee introduced the following

portion of the hospital records, an objection having been overruled: "Q. Ready Doctor. Please read that? A. Pedestrian struck on road by automobile. Admitted with blood pressure of 90 over 60, concussion, stuperous and with alcohol on breath, bruises and contusions. History of accident not known. Q. Doctor, isn't that conscious rather than concussion? A. Yes; conscious but stuperous with alcohol on breath." (N.T. 78) The intimation that appellant was drunk having been introduced, appellant's counsel immediately sought to discredit it by the following redirect examination: "Q. Doctor, I believe you testified that this man had suffered a concussion which you diagnosed as a concussion? A. That is right. Q. A man who has been involved in an accident with this injury and these cuts, would he be stuperous? A. That is right. . . . Q. As far as you recall did he give any of the physical manifestations of being under the influence of alcohol? A. I do not see any." (N.T. 78-79) Appellee's counsel, however, reiterated the implication of drunkenness by asking, on redirect: "[I]t was the wording . . . used, alcohol on breath, this notation is not some idle scribbling?" (N.T. 79). Although the question was withdrawn upon being objected to, it obviously reiterated an inference that appellant was intoxicated.

Since *Critzer v. Donovan*, 289 Pa. 381, 384-385, 137 A. 665 (1927), it has continuously been the policy of our appellate courts that, while proof of intoxication is relevant where recklessness or carelessness is at issue, great care should be taken as to whether to admit evidence of drinking and the mere fact of consuming alcohol is not admissible, being unfairly prejudicial, unless it reasonably establishes intoxication. *Billow v. Farmers Trust Co.*, 438 Pa. 514, 266 A. 2d 92 (1970); *Morreale v. Prince*, 436 Pa. 51, 258 A. 2d 508 (1969); *Fisher v. Dye*, 386 Pa. 141, 125 A. 2d 472 (1956);

*Landy v. Rosenstein*, 325 Pa. 209, 188 A. 855 (1937). The court below attempted to distinguish these cases,[1] stating that they "involved the operation of automobiles and the fitness of the operators [and that] [t]here was no operation of a motor vehicle by the plaintiff involved in this case, . . . ." This distinction is insubstantial and untenable. Although the allegedly intoxicated party here was a pedestrian, rather than the driver of an automobile, the question of intoxication still relates to his recklessness or carelessness in conducting himself at the time he was struck by appellee's vehicle. The factual issue involved is similar to that in the cited motor vehicle collision cases, *e.g.*, was appellant *intoxicated to a degree showing recklessness or carelessness* which might relieve appellee of liability due to appellant's contributory negligence.

The *Critzer* case, supra, is almost directly on point as to the proffered testimony tending to show intoxication. It was there held that: "There was no . . . proof of intoxication, nor was there any evidence of conduct . . . from which a reasonable inference could be drawn that the man was intoxicated except as found in the statement that the witness 'smelled liquor' on the driver's breath after the accident. . . . [T]his was not a sufficient basis to justify the admission of the witness's conclusion that the person in question was intoxicated. [Citations omitted.] Standing alone the odor of liquor does not prove, nor is it evidence of, intoxication . . . . [Citation omitted.] Hence it was error for the trial court to admit the evidence as proof of intoxication." 289 Pa. at 384-385. The more recent cases have continued to find mere hints of drinking inadmissible as unduly prejudicial. In *Morreale*, supra, reference to an "after-hours" bar, from which the party in question

---

[1] The *Landy* case was not cited, nor dealt with by the court in its opinion.

had departed immediately prior to the accident, was held to be reversible error. In *Billow*, supra, a medical opinion that blood alcohol content of .14 had been detected in decedent's body and that this would "affect" his driving was held to have been properly excluded as insufficient to show the degree of intoxication which would prove unfitness to drive. In light of these consistent similar holdings, we cannot say that the notation of "alcohol on breath" in the hospital record here was in any way sufficient to show a degree of intoxication indicative of appellant's contributory negligence. Its admission was unfairly prejudicial and without other proof of intoxication should have been excluded.

Appellee argues that even if the above evidence was improperly admitted, there was no proper objection to it by appellant. He relies upon the recent decision in *Jones v. Spidle*, 446 Pa. 103, 286 A. 2d 366 (1971), which involved, as here, a pedestrian struck by an automobile. Our Supreme Court there held that where appellant's counsel himself introduced medical records into evidence, he could not later complain when the notation "boy ran between parked cars—and struck by front of truck" was read from them by appellee's counsel in his summation. The basis for this decision seems to be: (1) "evidence admitted by . . . consent of both parties is fully competent . . . although it contains otherwise inadmissible hearsay statements" [Citations omitted], 446 Pa. at 106, and (2) "[h]ere the party could easily have discovered and deleted or requested the trial court to delete the hearsay statement in question." 446 Pa. at 107.

The instant case is inapposite. Appellant's counsel did *not* introduce the hospital records into evidence, rather appellee's counsel introduced them in his cross-examination of appellant's witness. Further, appellant's counsel continuously objected to any reference to

alcohol or intoxication. Immediately prior to trial he made the following request at sidebar: "I am requesting that the Defense make an offer of proof as to the intoxication of my client. It is my understanding that they intend to produce witnesses who will testify that he was drinking . . . and . . . to the effect that my client was seen immediately before the accident on U.S. Route #30 staggering . . . ." (N.T. 6) The court refused to require such an offer of proof at that time, before a jury was struck. However, during presentation of appellant's case, before the emergency room doctor was called to the stand, the court did consider whether appellee's counsel would be allowed to go into the question of whether appellant was intoxicated, this time at the request of appellee's counsel: "MR. RODA: Do I understand that at the pre-trial conference that if one witness did observe the Plaintiff performing in an unusual manner, that we may go into this question of drinking? THE COURT: If your witness is going to assure me that they (sic) saw him staggering on the highway." (N.T. 60)

Thus, when he had examined the hospital records before their use in cross-examination of the emergency room doctor, appellant's counsel framed his objection on the basis that "unless I have offered these records there is no proper basis for cross-examination." (N.T. 78-79). He did not renew his objection to the reference to alcohol because he assumed that the court was allowing such evidence subject to a subsequent foundation being laid by a defense witness who saw appellant "staggering on the highway". But, when this defense witness was called his testimony fell far short of such corroboration of intoxication: "Q. Now, Mr. Mascherino, when you observed this gentleman, was there anything unusual about the manner in which he was walking? A. Yes; but I don't know what it is or was. Q.

What brought this to your attention? A. Possibly the direction of his walking or something alerted me. Something made me pay attention to what he was doing because I felt—well, uncomfortable." (N.T. 126)

After cross-examination of this witness, the defense rested and the court denied the following motion made by appellant's counsel: "Your Honor, at this time I am afraid that I am going to request a mistrial . . . for the reason that there has already been testimony from the Hospital record indicating that there was an odor of alcoholic beverage and that he was stuperous. Now, this is exactly the same kind of testimony that the Supreme Court has ruled as prejudicial." (N.T. 130) Combined with appellant's having assigned admission of the reference to alcohol as a reason in support of his motion for a new trial, the above objections seem clearly sufficient to preserve the point on appeal.

The judgment is reversed and the case remanded for a new trial consistent with this opinion.

WRIGHT, P. J., would affirm on the opinion of the court below.