**Jay A. GIARDINA, Plaintiff,**

**v.**

**Gerard A. SOLOMON and Beta Mu Chapter, Tau Kappa Epsilon Fraternity, a/k/a Bucknell University Chapter of Tau Kappa Epsilon Fraternity, Defendants.**

**Civ. A. No. 72-205.**

United States District Court, M. D. Pennsylvania.

June 13, 1973.

Donald G. Douglass, Gelb & Myers, Scranton, Pa., Thomas C. Raup, Williamsport, Pa., for plaintiff.

Kenneth R. Bayless, Hazleton, Pa., John C. Youngman, Sr., Williamsport, Pa., for defendants.

## OPINION

MUIR, District Judge.

Defendant Tau Kappa Epsilon Fraternity has filed a motion for summary judgment which will be denied for the reasons set forth briefly below.

In his complaint, Plaintiff alleges that he was assaulted by Defendant Solomon while Solomon was intoxicated. Plaintiff asserts that the Defendant fraternity served liquor to Solomon and that it was negligent in so doing because Solomon was both highly intoxicated and a minor. The fraternity contends in its summary judgment motion, which is in the nature of a motion for judgment on the pleadings, that even if the factual allegations of the complaint are taken as true, it is not liable to Plaintiff.

■■■ Section 493(1) of the Pennsylvania Code provides that it is unlawful for *anyone* to *furnish* liquor to a minor or to a visibly intoxicated person.[1] Violation of a criminal statute is actionable civilly if the violation resulted in the invasion of an interest which the statute was designed to protect.[2] Since one of the major concerns of the legislature in passing § 493(1) of the Liquor Code was to avoid injuries to innocent third parties,[3] it would appear that Plaintiff has stated a viable theory of liability and that the Defendant fraternity is not entitled to summary judgment. There is clear Pennsylvania precedent for such liability if the fraternity had sold liquor to the public.[4] The fraternity maintains that Pennsylvania courts would not impose civil liability on purely private organizations or persons who serve liquor as a social courtesy.

The only reported Pennsylvania case on this precise issue is Manning v. Andy, 51 Pa.D. & C.2d 324 (1970), affirmed without comment 218 Pa.Super. 902, 279 A.2d 267.[5] In *Manning*, Judge McCune held that one who gives liquor to another as an act of mere hospitality or social courtesy should not be liable to injured third parties. The basis of his decision is that allowing such liability would engender a multitude of claims. He concludes that these claims would adversely affect the efficient operation of

---

1. 47 P.S. § 4–493(1) ; Commonwealth v. Randall, 183 Pa.Super. 603, 133 A.2d 276 (1957).

2. Jardine v. Upper Darby Lodge No. 1973, 413 Pa. 626, 632, 198 A.2d 550 (1964).

3. See Jardine, supra at 632, 198 A.2d 550; Majors v. Brodhead Hotel, 416 Pa. 265, 268, 205 A.2d 873 (1965).

4. See, e. g., *Majors*, supra ; *Jardine*, supra; Smith v. Clark, 411 Pa. 142, 190 A.2d 411 (1963) ; Corcoran v. McNeal, 400 Pa. 14, 161 A.2d 367 (1960).

5. Cases from other jurisdictions are collected at 8 ALR 3d 1412.

the courts and would also raise difficult questions in the minds of private hosts as to what conduct is required of them. In my view, the Pennsylvania Supreme Court would not adopt the *Manning* rule because the Court would consider of primary importance the fact that a significant interest served by the criminal statute would also be served by imposition of civil liability here. Hence I am not bound to follow it here,[6] and I decline to do so despite my respect for the views of Judge McCune.

An Order denying the Defendant fraternity's motion for summary judgment will be entered.

6. See Cooper v. American Airlines, 149 F.2d 355, 359 (2d Cir. 1945).