## Keville v. Manchio

*William H. Mitman, Jr.*, for plaintiff.
*Stephen H. Palmer*, for defendant.

WAJERT, *J.*, March 1, 1977 — Defendant has filed a motion to compel discovery arising out of the plaintiff's refusal to answer certain interrogatories. The court issued a rule to show cause why sanctions should not be imposed upon plaintiff pursuant to the provisions of Pa. R.C.P. 4019(b).

On April 13, 1976, written interrogatories were propounded by defendant to plaintiff containing inter alia as follows:

"During the 24 hour period immediately preceding the time of the accident complained of in the Complaint, did you consume any alcoholic beverages or drugs. If the answer to the above is affirmative, kindly provide the time at which said consumption took place and the amount of the consumption."

A similar question was posed to plaintiff at the time of his oral deposition at which time plaintiff was advised by counsel not to answer that question and to evoke the privilege under the Constitutions of the United States of America and Pennsylvania.

After hearing argument and considering briefs we are of the opinion that the rule should be made absolute.

Plaintiff argues that the provision of Pa. R.C.P. 4011(c) which does not permit discovery relating to a matter which is privileged encompasses the privileges of the fifth amendment.

Whether we consider plaintiff as having waived that privilege by the commencement of suit or whether we believe there are sound reasons imposing different duties on a plaintiff and a defendant to give answers, even though incriminating, we believe that plaintiff has the choice of discontinuing his suit if he values his privilege against incrimination more than the maintenance of his action.

The courts have long held that " '. . . while proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive . . .' Fisher v. Dye, 386 Pa. 141, 148, 125 A.2d 472, 476 (1956)." Morreale v. Prince, 436 Pa. 51, 258 A.2d 508 (1969). It may be that the testimony itself would not be admissible at trial in view of the above.

Plaintiff is the moving party and seeks the aid of the court in enforcing his rights. He should not have that aid if he is unwilling to divulge pertinent and essential information: Prep v. Turnpike Commission, 78 Dauph. 164 (1961).

Accordingly we will issue the following

## ORDER

And now, March 21, 1977, the rule issued January 18, 1977, to show cause why sanctions should not be imposed on plaintiff pursuant to Pa. R.C.P. 4019(b) is made absolute.

Leave is granted to plaintiff to make answers to the interrogatories in question within 20 days.