## Dove v. Gruber

*James T. Reilly,* for plaintiff.
*Wiley P. Parker,* for defendant.

WALTER, *J.,* March 26, 1986—Defendant, George E. Gruber III, has requested us to reconsider our order and opinion dated June 14, 1985. That order granted plaintiff's motion in limine excluding a blood-alcohol test performed on plaintiff's decedent. Defendant presented more evidence intended to support the accuracy of the test given and discredit the scientific journals questioning the procedure used to draw blood for the test. Plaintiff presented more recent journals and his own expert to refute defendant's position.

After hearing the testimony, reading the journals before the court and considering arguments of counsel, we are convinced our original decision was correct. We will respectfully deny defendant's motion for reconsideration.

In addition to the reasons discussed in our earlier opinion[1] a few additional comments are appropriate here. Defendant argues strongly that the jury must be allowed to hear the expert testimony and consider the blood test in order to evaluate the accuracy of his version of the facts. If Mr. Dove was intoxicated to a point he was unable to drive properly the jury would be more likely to believe him and grant him a favorable verdict. This makes the BAC result of .213

---

1. *Dove v. Gruber,* Leb. Co. C.C.P., no. 761, 1984; June 14, 1985.

percent highly relevant and proper circumstantial evidence of Mr. Dove's contributory negligence at the time of the accident.

A trial court may properly exclude even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice or confusion." *Short v. Allegheny Trust Co.* 330 Pa. 55, 198 Atl. 793 (1938); *Whistler Sportswear Inc. v. Rullo,* 289 Pa. Super. 230 433 A.2d 40 (1981); *Daset Mining Corp. v. Industrial Fuels Corp.,* 326 Pa. Super. 14, 473 A.2d 584 (1984). "Prejudice," of course, does not mean "detrimental to a party's case" but rather "an undue tendency to suggest decision on an improper basis." *Whistler, supra,* at 243, 433 A.2d at 47.

The difficulty of allowing blood-alcohol tests in civil litigation has been discussed by our appellate courts on numerous occasions. Despite the difficulty of the issue a clear rule of law has developed:

"Blood-alcohol level alone may not be admitted for the purpose of proving intoxication. There must be other evidence showing the actor's conduct which suggests intoxication. Only then, and if other safeguards are present, may a blood-alcohol level be admitted." *Ackerman v. Delcomico,* 336 Pa. Super. 569, 576, 486 A.2d 410, 414 (1984); *Couts v. Ghion,* 281 Pa. Super. 135, 421 A.2d 1184 (1980); *Schwarzbach v. Dunn,* 252 Pa. Super. 454, 381 A.2d 1295 (1977). Here defendant has been unable to provide any witnesses who saw decedent acting in an erratic or intoxicated condition before the accident. Without more supporting evidence the BAC test is inadmissible even if we were convinced of its accuracy.

However, had defendant produced supporting evidence, we would likely uphold our decision to exclude the blood test on the basis of its unreliability.

The scientific journals proffered by the parties confirms our common sense impression; blood drawn from the heart of a victim whose chest was crushed is susceptable to contamination thereby creating an erroneous BAC reading. We will not permit defendant's expert nor the jury to speculate on the issue of plaintiff's level of intoxication, what his BAC reading should be, or if he was able to operate a motor vehicle safely at any particular suspected level of blood-alcohol content. Our Supreme Court stated over 50 years ago:

"Certainly if the driver was not intoxicated (n)or driving while under the influence of liquor, the fact he may have taken a drink has no bearing on the question of his negligence. Such testimony directly tends to raise in the minds of the jurors another issue, — whether he was intoxicated — which, in the absence of other evidence, should not have entered into the determination of the case. *Critzer v. Donovan,* 289 Pa. 381, 385, 137 A. 665, 666 (1927); *Couts v. Ghion, supra,* at 143, 421 A.2d at 1189." Negligence is the key issue today as it was 59 years ago in *Critzer.* That is the issue which must be resolved in this litigation.

Defendant finally argues a blood-alcohol level of .1 percent or greater should be treated under the legal doctrine of negligence per se. While we can predict a time when drivers with such a reading will be per se liable, that moment has not yet come. And while we do not from shyness decline to incorporate a new doctrine without prior appellate precedent, the circumstances of this case make it a poor vessel for sailing into uncharted waters.

For all of the reasons stated in our first opinion and those deliniated above, we will decline to reconsider our order granting plaintiff's motion in limine.

## ORDER OF COURT

And now, this March 26, 1986, for the reasons set forth in the accompanying opinion, defendant's motion for reconsideration of our order granting plaintiff's motion in limine is respectfully refused.