564 A.2d 1296

**Margaret T. McDONALD, Appellant,**

**v.**

**The MARRIOTT CORP. t/a Charley's Place and Quincy's.**

Superior Court of Pennsylvania.

Submitted May 24, 1989.

Filed Oct. 10, 1989.

Phillip M. Gilligan, Philadelphia, for appellant.

Audrey L. Jacobsen, Philadelphia, for Marriott Corp., appellee.

Edward L. McCandless, Jr., Philadelphia, for Quincy's, appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order dated November 28, 1988, granting appellee-Marriott Corporation's motion for summary judgment. Appellant contends that the court below erred in entering its order. For the reasons that follow, we affirm the order below.

On November 1, 1985, appellant filed a complaint against defendants, Marriott Corporation ("Marriott"),[1] and "Quincy's," for damages she sustained as a result of a single-car accident. In her complaint appellant alleged that defendants were liable because they violated Pennsylvania's Dram Shop Act, 47 Pa.S.A. § 4–493, by serving her alcoholic beverages while she was visibly intoxicated, proximately causing her injuries. Defendants answered and filed cross-claims against each other, both denying that appellant was served alcoholic beverages at their establishments while visibly intoxicated. Depositions of appellant and witnesses Thomas Field and John McCoy were taken on September 24, 1987, and December 8, 1987. Thereafter, Marriott filed a motion for summary judgment alleging that the evidence adduced during discovery revealed no facts supporting a dram shop action against them. Appellant and co-defendant Quincy's opposed the motion. On November 30, 1988, the trial court granted the motion, dismissing all claims against Marriott with prejudice. This appeal followed.

Appellant contends that the trial court erred in granting summary judgment in favor of Marriott because a factual issue exists as to whether she was served alcoholic beverages at Charley's Place while she was visibly intoxicated. A motion for summary judgment may properly be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Hedlund Mfg. Co. v. Weiser, et al.,* 517 Pa. 522, 539 A.2d 357 (1988); *see also Gabovitz v. State Auto Ins. Ass'n.,* 362 Pa.Super. 17, 523 A.2d 403 (1987); Pa.R.Civ.P. 1035(b). Summary judgment may be entered only in cases that are clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 430, 456 A.2d 1009, 1011 (1983). Additionally, the record must be examined in the light most favorable to the

1. The complaint actually was filed against "Charley's Place," a division of Marriott Corporation.

non-moving party, accepting as true all well-pleaded facts in their pleadings and giving that party the benefit of all reasonable inferences drawn therefrom. *Hower v. Whitmak Assoc.*, 371 Pa.Super. 443, 445, 538 A.2d 524, 525 (1988); *Ferguson v. King*, 362 Pa.Super. 543, 524 A.2d 1372 (1987). Moreover, in summary judgment proceedings, the court's function is not to determine the facts, but only to determine if a material issue of fact exists. *French v. United Parcel Serv.*, 377 Pa.Super. 366, 372, 547 A.2d 411, 414 (1988). Thus, an order granting a motion for summary judgment will not be reversed unless the court below has committed an error of law or clearly abused its discretion. *Ackler v. Raymark Indus. Inc.*, 380 Pa.Super. 183, 185–86, 551 A.2d 291, 292 (1988); *Jones v. Keystone Ins. Co.*, 364 Pa.Super. 318, 321, 528 A.2d 177, 179 (1987); *Miller v. Federal Kemper Ins. Co.*, 352 Pa.Super. 581, 585–86, 508 A.2d 1222, 1225 (1987).

■ The Pennsylvania Dram Shop Act states in relevant part:

It shall be unlawful—

(1) For any licensee ... or an employe, servant, or agent of such licensee ... to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated....

47 Pa.S.A. § 4–493(1). A violation of the requirements of this statute is deemed negligence per se, and if the violation is the proximate cause of the plaintiff's injuries, then the defendant is liable. *Couts v. Ghion*, 281 Pa.Super. 135, 141, 421 A.2d 1184, 1187 (1980) (quoting *Majors v. Brodhead Hotel*, 416 Pa. 265, 268, 205 A.2d 873, 875 (1965)). Thus, in order for appellant to recover, she must prove two things: (1) that appellee served her alcoholic beverages while she was visibly intoxicated and (2) that this violation proximately caused her injuries.

■ In granting appellee's motion for summary judgment, the trial court found that appellant had failed to allege sufficient facts to raise a genuine issue of whether

she was *visibly intoxicated* when appellee served her alcoholic beverages. In this regard, the trial court noted:

> ... [Appellant] was deposed and testified to the effect that there were no visible signs of any intoxication while she was at Charley's place. Further, neither [appellant] nor the other defendant, Quincy's, has produced any evidence that [appellant] was served alcoholic beverages while visibly intoxicated. In fact, [appellant's] response to the Motion [for summary judgment] does not contend that [she] was served while visibly intoxicated; she contends only that she was "legally intoxicated while a patron in the defendants' premises."

Trial Court Opinion at 2. Our review of the record leads us to agree with this assessment.

The only evidence that arguably could support appellant's claims that she was visibly intoxicated was her own deposition testimony. Appellant stated that, on March 3, 1984, she and some friends met at Charley's Place to celebrate the retirement of a co-worker. Appellant had eaten lunch and dinner before arriving. While at Charley's Place, she had about four bloody marys that contained little alcohol and about four beers between the hours of 5:30 p.m. and 10:00 p.m. Appellant said she switched to beer because she was getting a little drunk, loud and chatty. She bumped into a door while going to the lady's room, missed the ashtray when flicking her cigarette ashes, and dropped her clutch purse. At 10:00 p.m., appellant left Charley's Place with friends and drove to Quincy's which was "right across the street." She stated that she had no trouble driving to Quincy's, and that, between bars, she smoked a marijuana cigarette with several of her friends. At Quincy's, appellant consumed three to four beers from the time she arrived until 2:30 a.m. when she left for home. It was when she was driving home, approximately four to four-and-a-half hours after leaving Charley's Place, that the accident occurred.

Appellant argues that, because she stated in her deposition that she was loud and talkative, that she bumped a door way going to the lady's room, that she dropped ciga-

rette ashes on the floor, and that she dropped her clutch purse, she has raised a question of fact regarding whether appellee served her alcoholic beverages while she was visibly intoxicated. Appellant, however, did not state whether she exhibited this behavior before she was served her last drink or if anyone, let alone an employee of appellee, saw her exhibit any such behavior. When asked whether anyone at the bar asked her to keep quiet, or asked her to leave, or if any of her friends asked her to stop drinking, appellant replied in the negative. Moreover, appellant did not offer the testimony of any witness to corroborate her version of the events; thus, even if she thought she was visibly intoxicated, there is no evidence that her intoxication was apparent to anyone else. In short, there is no factual support for appellant's opinion that she was served alcoholic beverages while visibly intoxicated. Accordingly, we agree with the trial court that there was insufficient evidence regarding whether she was visibly intoxicated to allow this case to go to a jury.[2]

Finally, we note that the facts alleged in this case are far weaker than the facts alleged in the cases appellant relies upon to support her claim that sufficient circumstantial evidence exists to warrant the submission of her case to a jury. For example, in *Couts v. Ghion*, 281 Pa.Super. 135, 421 A.2d 1184 (1980), this Court held that sufficient circumstantial evidence existed to submit the issue of visible intoxication to the jury where the record contained evidence that appellant "had consumed a substantial amount of alcohol before being served his last drink; that [appellant] had driven erratically and without using his car's lights in the dark; and that [appellant] had appeared to be intoxicat-

2. In its brief, appellee refers to the depositions taken of two witnesses who were with appellant on the night in question. Appellees argue that these witnesses indicate that appellant did not appear visibly intoxicated. Appellees also cite to a report submitted by Dr. Fine, M.D., a psychiatrist, who concluded from the information made available to him, that appellant was not visibly intoxicated while drinking at Charley's Place. Because this evidence was not made part of the record in the lower court, it cannot be considered by this court. *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974); *see also* Pa.R.A.P.1921.

ed to the investigating police officer," in addition to evidence that an accident had occurred. *Id.*[3] *See also Speicher v. Reda,* 290 Pa.Super. 168, 434 A.2d 183 (1981) (sufficient circumstantial evidence existed to submit question of "visible intoxication" to jury where record contained (1) police report describing motorist as reeking of alcoholic beverages, having trouble standing, having slurred speech, and staggering gait, and unaware of hitting anyone, (2) testimony of accident scene photographer describing motorist as visibly drunk, using profanity and interfering with photographer's taking of pictures, (3) motorist's guilty plea for DUI).

For the foregoing reasons, we agree with the trial court that no genuine issue of material fact exists as to whether appellant was served alcoholic beverages at Charley's Place while she was "visibly intoxicated" and, accordingly, appellee was entitled to judgment as a matter of law. Thus, we affirm the order below.

Order affirmed.

<hr>

**3.** In the case at bar, the fact of the occurrence of an accident is of minimal importance because, it occurred hours after appellant left Charley's Place, and after she had smoked marijuana and consumed more beer.