**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**J.E.K. ENTERPRISES, INC., t/a Kelly's Down By The Riverside Saloon.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 14, 1996.

Decided Aug. 1, 1996.

Richard G. Parker, Assistant Counsel, for Appellant.

Timothy Finn, for Appellee.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from the order of the Court of Common Pleas of Beaver County (trial court), reversing a fine imposed by the Pennsylvania Liquor Control Board (Board) against J.E.K. Enterprises, Inc. (Licensee) for violating § 493(1) of the Liquor Code,[1] 47 P.S. 4–493(1), relating to serving alcohol to a visibly intoxicated person.

The facts are not in dispute. On September 24, 1994, Liquor Control Officer Susan Nist entered Kelly's Down By The Riverside Saloon, the tradename for J.E.K. Enterpris-

es, Inc. She observed a male patron, "Dennis", who appeared to be very intoxicated, exhibiting slurred speech, glassy-eyes, a fixed stare and staggering gait. After finishing a non-alcoholic beer, which he appeared to have believed was a regular beer, Dennis ordered another drink. The male bartender refused to serve him, given Dennis' state and "cut him off" from further alcoholic beverages. Later that evening, Officer Nist conversed with Dennis and, as they spoke, Dennis reached across the bar for a bottle of beer which was situated in front of his brother. When his hand was pushed away from the bottle, Dennis then reached for a different bottle that was practically empty and drank the contents. About three hours later, an unidentified male patron seated next to Officer Nist ordered a beer from the female bartender and gave it to Dennis. After drinking half of the beer, Dennis then left the bar.

Because Dennis, a visibly intoxicated person, was able to consume alcohol on the premises, Officer Nist issued a citation charging the Licensee with violating § 4–493(1) of the Liquor Code. It provides in relevant part:

[I]t is unlawful "for any licensee or the board, or any employee, servant, or agent of such licensee or ... board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated ..."

Finding that Licensee had violated the provision because Dennis consumed alcohol on licensed premises, the Board imposed a $600 fine. Licensee appealed to the trial court which reversed, holding that something more than mere consumption had to be shown in order to find a violation. This appeal by the Bureau followed.

The Bureau contends that § 493(1) of the Liquor Code imposes a strict liability on the licensee, and all that has to be shown is that alcohol was consumed on the licensee's premises by one who is statutorily prohibited from doing so. The Bureau contends that such

1. Act of April 12, 1951, P.L. 90.

liability attaches, regardless of whether or not the licensee took affirmative steps to provide the patron with alcohol. While couching their argument in strict liability,[2] what the Bureau is actually contending is that if a licensee takes or does not take an action "and permits" the unlawful consumption to occur on the premises, the licensee violates § 493(1) of the Liquor Code. The Bureau argues that by allowing Dennis to remain on the premises for three hours, the Licensee "permitted" Dennis, a visibly intoxicated individual, to consume the bottle of beer.

To support this proposition, the Bureau relies on *Pennsylvania Liquor Control Board v. Abraham*, 116 Pa.Cmwlth. 270, 541 A.2d 1161 (1988), where a liquor license was suspended because a minor was furnished with alcohol by an adult third party on the licensed premises, even though the licensee claimed not to have been aware that it was occurring. Because the licensee knew that the minor was on the premises, itself unlawful, we upheld the Board's finding of a violation of § 493(1) of the Liquor Code, which forbids sales of liquor to minors. We reasoned that "licensees permit alcoholic beverages to be furnished or given to a minor if they acquiesce by failing to prevent [the minor from being served on the premises from occurring]." *Id. Abraham*, however, is inapplicable to this case.

 Unlike *Abraham*, it is not unlawful under § 493(1) of the Liquor Code for a visibly intoxicated adult to be in a licensed establishment; it is only unlawful for that person to be served or allowed to be served alcohol by the licensee or one of its employees. A violation of § 493(1) of the Liquor Code only occurs when a licensee "permits" the consumption of alcohol by taking or failing to take actions to prevent it from occurring. Nothing in the record indicates that Licensee acquiesced to Dennis' consuming the beer, that its employees were aware that the unidentified patron had passed Dennis a beer, or even that he consumed it. Rather than "permitting" Dennis to be served, the Licensee acted in a responsible manner by refusing to serve him and doing all that it reasonably could to prevent him from being served.

Accordingly, we affirm the order of the trial court reversing the order of the Board ordering the fine of $600 against J.E.K Enterprises, Inc., t/a Kelly's Down By The Riverside Salon.

### ORDER

AND NOW, this 1st day of August, 1996, the order of the Court of Common Pleas of Beaver County dated November 30, 1995, No. 113 of 1995 Misc., is affirmed.

---

2. If strict liability was truly the standard, where a visibly intoxicated person entered a bar unbeknownst to the licensee, stole a drink from another patron, and drank it while that patron wasn't looking, the licensee would violate § 4–493. We do not believe that the Bureau is actually arguing for that standard.