**Warner v. Conestoga Bar Restaurant Inc.**

C.P. of Lancaster County, no. 184-1995.

*Wayne C. Parsil,* for plaintiff Warner.
*Christina L. Hausner,* for defendant Conestoga Inc.

FARINA, *J.,* May 7, 1997—Before the court is defendant Conestoga Bar Restaurant Inc.'s motion for summary judgment. Plaintiff Theresa Warner filed a negligence suit against defendant on behalf of the estate of her deceased husband, Daniel F. Warner. Defendant contends that summary judgment in its favor is proper because plaintiff has failed to produce evidence of facts essential to her cause of action or the existence of genuine material facts as to necessary elements of the cause of action.

The undisputed facts of the case are as follows: At approximately 3 a.m. on November 6, 1993, a man, later identified as decedent, was reported to be unconscious and unresponsive along East King Street as it crosses the Conestoga River in the City of Lancaster. When emergency personnel arrived at the scene, decedent was not breathing, not responding to verbal stimuli, and did not have a heartbeat. He was found with vomitus on his clothing and with a number of beer cans lying about his person. Decedent's heartbeat was restored and he was transported by ambulance to the Community Hospital of Lancaster's emergency room.

Dr. Glielmi, decedent's primary physician, diagnosed cardiac arrest upon decedent's admission. Secondary diagnoses included aspiration, anoxic encephalopathy, alcohol intoxication, acidosis, hypokalemia, seizures, hypertension, sleep apnea and obesity. Decedent was maintained on ventilatory support, but had no spontaneous respirations. His condition continued to deteriorate and meaningful survival was not anticipated due to the significant brain injury. Once declared brain dead on November 11, 1993, decedent was removed

from life support and died that day. The cause of death was cerebral encephalopathy, as a result of earlier cardiac arrest as set forth in the record of death.

Diane Horton, a co-worker of decedent's wife, plaintiff, was at defendant Conestoga Inn between 10:10 p.m. and 10:40 p.m. on November 5, 1993, at which time she saw and spoke briefly with decedent. Horton is the only witness produced who recalls seeing decedent at the Conestoga on that evening.

In her complaint, plaintiff alleges that defendant was negligent in that it knew, or should have known, that decedent was under the influence of alcohol to a degree which rendered him a hazard to himself or others; that upon leaving the Conestoga, decedent was unable to provide for his own safety due to his intoxicated state; that defendant furnished liquor and/or malt beverages to a visibly intoxicated person; that defendant failed to monitor the rate of consumption of liquor, malt and/or brewed beverages of decedent; that defendant permitted the sale or service of intoxicating beverages to decedent while he was in a visibly intoxicated condition and violated the Pennsylvania Liquor Code, 47 P.S. §§4-493 and 4-497.

Summary judgment is proper "(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The 1996 amendments to the rules relating to summary judgment clearly allow relief by summary judgment when the pleadings have been closed, discovery completed, and the record discloses that the party who will bear the burden of proof at trial has failed to establish a prima facie case. Pa.R.C.P. 1035.2; *Butterfield v. Meadeville Medical Center,* 24 Crawford Co. L.J. 317 (1996).

The Pennsylvania Liquor Code, §§4-493 and 4-497, prohibits a Pennsylvania liquor license holder from selling, furnishing or giving alcoholic beverages to any visibly intoxicated person. 47 P.S. §§4-493, 4-497. A violation of either of these provisions is considered negligence per se and, if the violation is subsequently determined to be the proximate cause of the plaintiff's injuries, then the defendant is liable. *McDonald v. Marriott Corp.,* 388 Pa. Super. 121, 564 A.2d 1296 (1989); *Johnson v. Harris,* 419 Pa. Super. 541, 615 A.2d 771 (1992). In order for a plaintiff to recover in a civil action for a violation of sections 4-493 and 4-497, she must prove (1) the patron/customer was served alcoholic beverages while visibly intoxicated, and (2) the alleged violation was the proximate cause of the plaintiff's injuries. *Connor v. Duffy,* 438 Pa. Super. 277, 652 A.2d 372 (1994); *Johnson v. Harris, supra.* However, it is impermissible to infer from a person's presence at an establishment that serves alcoholic beverages that he or she was served alcoholic beverages. *Id.*

Defendant asserts that no evidence of record shows that defendant's employees, including bartenders on duty, recall seeing decedent at the Conestoga at any time, serving him intoxicating beverages, or decedent's state of intoxication. Plaintiff has produced no witnesses other than Horton who saw decedent at the Conestoga, and her deposition testimony does not establish that

decedent was sold, furnished or given alcoholic or intoxicating beverages.

Defendant suggests that the same principles relied upon in *Connor, supra,* apply in the case at bar. In *Connor,* the trial court granted defendant's motion for summary judgment on the basis that no evidence of service was established. The Superior Court affirmed, holding that plaintiff could not establish that Duffy was served alcoholic beverages by either of the defendants. The nexus between beer purchases by Duffy and his visible intoxication was never established. *Connor, supra* at 282, 652 A.2d at 375. Additionally, the Pennsylvania Commonwealth Court has held that a showing that a visibly intoxicated person consumed alcohol on the licensee's premises is insufficient to establish liability under section 493 of the Liquor Code. *Pennsylvania State Police v. J.E.K. Enterprises Inc.,* 680 A.2d 53 (Pa. Commw. 1996).

Defendant argues that establishing decedent was at the Conestoga and that he was in possession of a glass of beer or that he was visibly intoxicated, does not provide the requisite "nexus" between beer purchases by decedent and any visible intoxication.

Defendant further argues that, even assuming arguendo that plaintiff has met her burden with regard to whether decedent was served alcoholic beverages while visibly intoxicated, plaintiff has failed to produce any evidence that defendant's violation of sections 4-493 and 4-497 of the Liquor Code is the proximate cause of decedent's death. "Even if a patron has been served alcoholic beverages while visibly intoxicated, there will be no civil liability imposed upon the tavern keeper unless the injuries to the patron or third party were proximately caused by the patron's intoxication." *Holpp v. Fez Inc.,* 440 Pa. Super. 512, 518, 656 A.2d 147,

150 (1995). Plaintiff bears the burden of proving that the breach resulted in decedent's injury and ultimate death. Defendant contends that, based on the record established through extensive discovery, plaintiff has not met her burden.

Defendant asserts that plaintiff has produced no evidence to sustain her burden of proof regarding any nexus between defendant's acts and plaintiff's injuries and subsequent cause of death. Plaintiff has provided only the report from Dr. Glielmi, decedent's attending physician, and the medical records of the Community Hospital. Defendant points to the records where decedent's cause of death is listed as cerebral encephalopathy, with his diagnosis as cardiac arrest. There are only brief notations to decedent's blood alcohol content, none of which attribute his death to alcohol content. There is nothing that establishes that decedent's death was caused by or related to alcohol consumption.

Plaintiff, however, argues that the liability of defendant hinges on whether decedent was visibly intoxicated when he was served his last drink or sold carry-out at the Conestoga prior to his death and this issue should be submitted to the jury.

To show that decedent's intoxication contributed to his death, plaintiff points to the supplemental report authored by decedent's attending physician, Dr. Glielmi. In his report, Dr. Glielmi states, within a reasonable degree of medical certainty, that "it appears that [decedent] did suffer from rather significant cerebral anoxia which most likely was due to his acute alcohol intoxication with apparent aspiration." Plaintiff suggests that a jury could infer that the primary cause of decedent's death was the elevated level of alcohol in his bloodstream (blood-alcohol level of .4). According to plaintiff, the remaining question then is whether this

alcohol was served to decedent at the Conestoga and whether he was visibly intoxicated at the time it was served to him.

Plaintiff points to Horton's deposition wherein she testified that she saw decedent drinking a draft beer, that he had the odor of alcohol on his breath, that she had trouble understanding him due to his slurred speech and that he was swaying. Plaintiff relies on this deposition testimony to show that decedent appeared visibly intoxicated when Horton saw him in the Conestoga between 10 p.m. and 11 p.m. on the night of the incident.

Plaintiff surmises that, because the emergency personnel were able to restore decedent's heartbeat, decedent was not laying on the sidewalk for more than a few minutes. Plaintiff also asserts that the close proximity of decedent on the bridge to the Conestoga and his extremely high blood-alcohol level, permit the inference that decedent remained in the Conestoga and continued to drink after Horton last saw him and that he left the bar on foot before reaching the area where he was found.

Plaintiff relies on *Couts v. Ghion,* 281 Pa. Super. 135, 421 A.2d 1184 (1980), a plurality opinion where Judge Hoffman, with one judge concurring, held that circumstantial evidence was sufficient to prove intoxication. The lower court granted a compulsory nonsuit in favor of defendant. Judge Hoffman of the Superior Court disagreed, concluding that a jury could have reasonably concluded that plaintiff was visibly intoxicated at the time he was last served by defendant.

According to plaintiff, in the instant case, there is evidence which supports a finding that decedent was visibly intoxicated when served at the Conestoga. Contrary to *Couts, supra,* there is direct evidence that de-

cedent was visibly intoxicated while at the Conestoga. Decedent was observed at the Conestoga by Horton before 11 p.m. and he was found in close proximity to the Conestoga at 3 a.m. with beer cans next to his body. Plaintiff asserts a jury could reasonably conclude that decedent was served while visibly intoxicated on the night in question.

Plaintiff also contends that defendant's motion for summary judgment should be denied based upon the *Nanty-Glo* rule because the motion is based primarily on the deposition testimony of two of defendant's agents. The *Nanty-Glo* rule holds that if the moving party's motion is based on the testimony or affidavits of the party or its witnesses, the motion cannot be granted because the credibility of such testimony is a question for the jury. *Nanty-Glo Borough v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932); *Curran v. Philadelphia Newspapers Inc.,* 497 Pa. 163, 439 A.2d 652 (1981); *Peluso v. Walter,* 334 Pa. Super. 609, 483 A.2d 905 (1984). Where a motion for summary judgment is supported solely by the testimony of witnesses, whether interested or disinterested, the credibility of those witnesses should be determined solely by the jury. *Garcia v. Savage,* 402 Pa. Super. 324, 586 A.2d 1375 (1991).

Plaintiff has failed to meet her burden. It is clear that defendant does not dispute that plaintiff has a witness who will testify that decedent was at the Conestoga between 10:15 and 10:40 p.m. on the night in question and that at that time, decedent had the appearance of being visibly intoxicated. The central factual issue is whether decedent was sold, furnished or given alcoholic beverages by defendant or its agents; we find that the evidence of record fails to establish this.

Plaintiff acknowledges that there are no witnesses known to the parties who saw decedent after Horton left the Conestoga. Decedent was not found until after 3 a.m. For more than four hours nothing is known of decedent's whereabouts. Although the Conestoga was 50 yards from where decedent was found unconscious, plaintiff has presented no case law supporting her suggestion that mere "close proximity" of decedent on the bridge to the Conestoga and decedent's blood alcohol level can support an inference that defendant is responsible for decedent's death. There is no evidence of record establishing that the ability of the emergency personnel to restore a heartbeat clearly indicates that decedent was not laying on the sidewalk for more than a few minutes prior to being found.

Plaintiff's argument relating to the *Nanty-Glo* rule is not relevant to the issues before the court. Defendant is not arguing that for the purposes of this motion the court should believe defendant's witnesses and not believe the plaintiff's.

Even assuming arguendo that decedent was visibly intoxicated while at the Conestoga between 10:10 p.m. and 10:50 p.m. on November 5, 1993, such evidence is insufficient to establish defendant's liability for decedent's condition at 3 a.m. on November 6, 1993, or for decedent's condition on November 11, 1993, notwithstanding Dr. Glielmi's supplemental report. Although the report states that "[decedent] did suffer from rather significant cerebral anoxia which was most likely due to his acute alcohol intoxication," the report does not state that cerebral anoxia caused by alcohol intoxication was the proximate cause of death.

The time the decedent was found (3 a.m.) is too remote to the time he was visibly intoxicated at the Conestoga (10:40 p.m.) to, without more, determine

that defendant's violation of the Liquor Code was the proximate cause of decedent's death.

Accordingly, we enter the following:

ORDER

And now, May 7, 1997, defendant Conestoga Bar Restaurant Inc.'s motion for summary judgment is granted and plaintiff's complaint is dismissed.