434 A.2d 183

**David H. SPEICHER and Beverly Speicher, his wife, Appellants,**

**v.**

**Tony REDA and Delilah Reda t/d/b/a Duffy's Tavern and Donald H. Reynolds.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1981.

Filed Aug. 28, 1981.

Leonard E. Price, Pittsburgh, submitted a brief on behalf of appellants.

Harry K. McNamee, Butler, for appellees.

Before BROSKY, DiSALLE and SHERTZ, JJ.

BROSKY, Judge:

Appellants, David Speicher and Beverly Speicher, instituted an action against appellees, Tony Reda and Delilah Reda, trading as Duffy's Tavern, pursuant to 47 Pa.C.S.A. § 4-497, which subjects a licensee to liability for serving a "visibly intoxicated" person liquor.[1] A compulsory nonsuit against appellants was granted at the end of their case at trial. A motion to set aside the nonsuit was denied, and this appeal followed. We do not agree with the trial court's analysis and therefore reverse.

On July 2, 1975, at 1:10 a. m., five or ten minutes after leaving Duffy's Tavern, Donald Reynolds was travelling along a highway when his car struck a motorcycle operated by David Speicher. Speicher was severely injured. The policeman who investigated the accident, Officer Beal, described Reynolds as:

> Well, upon my interviewing Mr. Reynolds a strong odor of alcoholic beverage was detected. The operator didn't know that he hit anyone, and he had trouble standing. As Mrs. Sloan said, he had slurred speech, a staggering gait.

Mrs. Sloan, a photographer whom the police engaged to take photographs of the accident scene testified:

1. Prior to trial, appellants settled any claims against Donald Reynolds for the limit of his coverage of his automobile insurance policy. Appellants granted Reynolds a release.

Um, he was interfering with me taking the photographs. He kept telling me—he was visibly drunk and kept telling me that I wasn't going to take any pictures of his, quote, "God damn car," unquote, and every time I'd go to take one he would step in front of me staggering wise, and it got to the point—usually in a situation like this I can work around people, you know, but this one got to the point where I had to go to the police officer and have him remove him while I took the pictures.

Officer Beal also stated:

Q. Okay. And by the way, touching for a minute on what Mrs. Sloan said about requesting cooperation from the police to have Mr. Reynolds stand aside, were you the one she requested, or was it one of the Township police?

A. It was myself, I recall her coming up to me and telling me that she was having a difficult time with him.

Donald Reynolds refused to take a breathalyzer examination. Officer Beal testified in this regard:

Yes, sir. I requested he submit to a breathalyzer or a blood alcohol content taken by a physician, of which he refused.

Reynolds subsequently pleaded guilty to driving under the influence of alcohol.[2]

Donald Reynolds testified that he did not remember any of the events which occurred during the accident. He testified:

Do you remember seeing David Speicher's motorcycle?

No.

Do you remember crossing the center line?

No.

Do you remember hitting the motorcycle?

2. We are aware that evidence of the guilty plea is sought to be used not only in a subsequent civil litigation but specifically as it relates to a third party. Compare *Cromley v. Gardner*, 253 Pa.Super. 467, 385 A.2d 433 (1978); *Cusatis v. Reichert*, 267 Pa.Super. 247, 406 A.2d 787 (1979). In the instant case, however, no objection was made to the admissibility of that evidence. Thus, we present no discussion on that issue herein.

No.

Do you remember knocking his motorcycle into the guard-rail?

No.

The appellants did not present any testimony regarding Reynolds' condition while at Duffy's bar. The trial court granted a compulsory nonsuit because it held there was no evidence that the licensee or its employees served Reynolds while he was "visibly intoxicated." [3]

In *Cornell Drilling Co. v. Ford Motor Co.*, 241 Pa.Super. 129, 135, 359 A.2d 822, 825 (1976), we said:

On appeal from a compulsory non-suit the plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence, whether direct or circumstantial, and all conflicts must be resolved in the plaintiff's favor. *A compulsory nonsuit may be entered only in a clear case where the facts and circumstances lead unerringly to but one conclusion. Paul v. Hess Bros.*, 226 Pa.Super. 92, 94–95, 312 A.2d 65, 66 (1973) (citations omitted). In a trespass case, a plaintiff need not exclude every other reasonable possibility that could have caused the accident. "It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability." *Jones v. Treegoob*, 433 Pa. 225, 230, 249 A.2d 352, 355 (1969).

(Emphasis added). *Couts v. Ghion* 281 Pa.Super. 129, 421 A.2d 1184 (1980), *Gill v. McGraw Electric Co.*, 264 Pa.Super. 368, 399 A.2d 1095 (1979).

■ The evidence, when viewed in light of this standard, indicates that Reynolds was visibly intoxicated to police and

**3.** Liquor Code 47 Pa.C.S.A. Section 4–497 states:

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe when the said customer was visibly intoxicated.

to Ms. Sloan. He was belligerent and subsequently unable to recall any of his actions. In addition, Reynolds pleaded guilty to driving under the influence of alcohol. And, the record discloses that the last location where Reynolds was located before entering his car was Duffy's tavern.

A recent case very much in point is *Couts v. Ghion*, supra, 281 Pa.Super. at 142, 421 A.2d 1188, there, this court stated:

> Viewing the evidence in light of these principles, *we conclude that the issue of whether Ghion was visibly intoxicated when he was served his last drink at the Holiday House bar should have been submitted to the jury.* Evidence presented at trial established that Ghion had consumed a substantial amount of alcohol before being served his last drink; that Ghion had driven erratically and without using his car's lights in the dark; and that Ghion had appeared intoxicated to the investigating police officer. Additionally, improperly excluded evidence of Ghion's blood alcohol content (see infra) would have lent further support to an inference that Ghion may have been visibly intoxicated at the Holiday House bar. *Despite the lack of direct evidence bearing on Ghion's condition when he was served his last drink, we think that the jury could have reasonably concluded that he was visibly intoxicated at that time.* Accordingly, we hold that the lower court erred in refusing to take off the compulsory nonsuit entered in favor of Holiday House.

(Emphasis added.)

However, the trial court relied upon our reasoning in *Simon v. Shirley*, 269 Pa.Super. 364, 409 A.2d 1365 (1979), in which we held that the lower court properly ordered summary judgment in favor of the tavern owners. There, the only evidence submitted at trial and agreed to by all the parties was that an accident occurred within one hour after the defendant left the tavern. Appellants, therein, argued that 47 Pa.C.S.A. § 4-493(1), regarding the liability for a licensee to an injured third party for serving a minor was applicable. However, subsequent to the incident in *Simon v. Shirley*, supra., the General Assembly enacted 47 Pa.C.S.A. § 4-497.

47 Pa.C.S.A. § 4–497 alternatively required a showing of visible intoxication in order to find a licensee liable for serving a person who injures a third person. We affirmed the trial court's decision to grant summary judgment.

In *Keating v. Zemel*, 281 Pa.Super. 129, 421 A.2d 1181 (1980), we held:

> Summary judgment may only be granted "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).

Id., 281 Pa.Super. at 131, 421 A.2d at 1182. In light of this standard, we affirmed the trial court's decision in *Simon v. Shirley*, supra., because there was no disputed evidence regarding the visibility or nonvisibility of the minor appellant's actions. In other words, the appellant's counsel argued that liability should attach because the appellant was a minor, 47 Pa.C.S.A. § 4–493, rather than arguing facts from which the trial court could have found sufficient circumstantial facts to warrant a denial of the motion for summary judgment.

In *Couts v. Ghion*, supra., the parties presented evidence from which visible intoxication could be proven circumstantially. The record disclosed the appellant in *Couts v. Ghion*, supra., had an odor of alcohol, walked in a swaggering fashion and had slurred speech, in addition to evidence that an accident had occurred. Apart from the dissimilarity between issues in *Simon v. Shirley*, supra., (summary judgment) and *Couts v. Ghion*, supra., (compulsory nonsuit), the facts in *Couts v. Ghion*, supra., indicated that circumstantial evidence would prove that the appellant therein was visibly intoxicated. Furthermore, to resolve the issue of the legitimacy of the order of a compulsory nonsuit, we must determine, viewing the evidence to the plaintiff's benefit, whether a compulsory nonsuit was entered upon a showing of "a clear case where the facts lead unerringly to but one conclusion," *Paul v. Hess Bros.*, 226 Pa.Super. 92,

94–95, 312 A.2d 65, 66 (1973), rather than the lack of any genuine issue in dispute required for the granting of a motion for summary judgment. Certainly, our review of cases involving similar facts but different issues may result in different results.

Therefore, the facts and issues presented in *Simon v. Shirley*, supra., and *Couts v. Ghion*, supra., are quite distinguishable from one another. The appropriate analysis in the instant case must rely on that presented by this court in *Couts v. Ghion*, supra. Clearly, the facts in the instant case are similar to those found in *Couts v. Ghion*, supra., with the exception that even more persuasive evidence, that Reynolds pleaded guilty to driving while under the influence of alcohol, exists in the appellant's case. We believe that our decision in *Couts v. Ghion*, supra., requires that the appellant's motion to set aside the compulsory nonsuit should have been granted. Accordingly, the order of the trial court is reversed, and a new trial is ordered.

SHERTZ, J., concurs in result.