512 A.2d 71

Delmas L. Baker, Appellant *v.* Township of Mt. Lebanon and Sunken Cork, Inc., Appellees.

Argued March 11, 1986,

*Wendell G. Freeland, Freeland & Kronz,* for appellant.

*John David Rhodes, Thomson, Rhodes & Cowie,* with him, *Thomas Wm. Renwand,* for appellee, Mt. Lebanon.

*Charles H. Alpern,* with him, *Jeffrey Reed, Grogan, Graffam, McGinley, Solomon & Lucchino,* and *Louis C. Long,* with him, *Raymond H. Conaway, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellees.

OPINION BY JUDGE MACPHAIL, June 30, 1986:

Delmas L. Baker (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County

which denied his motion for post trial relief by way of removal of the compulsory nonsuits entered in favor of the Sunken Cork, Inc. (Sunken Cork) and the Township of Mount Lebanon (Township). We reverse and remand in part and affirm in part.

Appellant filed a six-count complaint on March 17, 1981 naming as defendants Sunken Cork, the Township, and Medical Rescue Team South. The claims against Medical Rescue Team South were dismissed before trial. Appellant averred that agents of Sunken Cork, a business licensed to serve alcoholic beverages, served him liquor when he was visibly intoxicated and that he suffered injuries which were proximately caused by his intoxicated state. Appellant averred that police officers employed by the Township committed torts and violated his constitutional rights in arresting and imprisoning him.

The first issue raised in Appellant's brief is whether the trial judge properly entered a compulsory nonsuit as to Sunken Cork.

Section 493(1) of the Liquor Code[1] makes it unlawful

> [f]or any licensee . . . or any employe, servant or agent of such licensee . . . to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated. . . .

*Id.* If a licensee allows any of its agents to serve intoxicating liquor to one in a visible state of intoxication, it clearly has violated the law. If as a result of such intoxication the consumer of the intoxicants injures himself the licensee is liable in tort. *Smith v. Evans*, 421 Pa.

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1).

247, 219 A.2d 310 (1966); *Connelly v. Ziegler,* 251 Pa. Superior Ct. 521, 380 A.2d 902 (1977).

The trial court refused to remove the compulsory nonsuit entered in favor of Sunken Cork because, in its view,

> [t]here . . . [was] no evidence as to the physical appearance of Baker while in the Sunken Cork from which it could reasonably be concluded that he was visibly intoxicated at anytime he was served a drink; neither is there any evidence as to his conduct or appearance after he left the Sunken Cork from which it could reasonably be inferred that he was visibly intoxicated when he was served the next to the last drink at the Sunken Cork.

*Baker v. Township of Mt. Lebanon,* (No. GD81-499C in the Court of Common Pleas of Allegheny County, filed January 9, 1985), slip op. at 18-19. We disagree with this assessment of the evidence.

According to Appellant's testimony, on the afternoon of January 10, 1980, he consumed three or four gin and tonics at a Steak and Ale restaurant during approximately a one-hour period.[2] About one-half to three-quarters of an hour later Appellant entered the Sunken Cork, an establishment he visited often.[3] During the course of his stay at Sunken Cork, well over an hour, he consumed at least 4 to 6 more gin and tonics.[4] Appellant's visit was cut short, however, when after a trip to the bathroom he fell from a barstool while attempting to reseat himself, knocked over the drinks of some other customers, and hit his shoulder and head on the floor.[5]

---

[2] Notes of testimony from March 16, 1984 through March 22, 1984 (N.T.) at 32-34.

[3] N.T. at 35-36.

[4] N.T. at 40.

[5] N.T. at 39-40.

One of the other customers became indignant and the manager of the bar asked Appellant to leave.[6] The manager and another employee escorted Appellant out of the bar.[7] Appellant attempted to return to the bar, but he was told that if he did not leave the police would be called.[8] When Appellant attempted to cross a street in front of the bar he saw traffic coming, backed up to get out of the way and fell backwards, striking his head and back.[9] The police arrived and took him to the police station from where he was eventually taken to a hospital. Upon examination, it was determined that Appellant had suffered severe dislocation of his sixth and seventh cervical vertebrae which has caused paralysis of the middle and lower parts of his body.[10]

The evidence which Appellant points to which indicates that he was visibly intoxicated when served at the Sunken Cork includes his testimony as to how much alcohol he had consumed and a police report which indicated that a police officer on the scene "observed an odor of alcohol beverages" on Appellant, that his eyes were bloodshot, that his "speech was very slurred and incoherent," that he was unable to answer questions coherently and that he was placed under arrest for public intoxication.[11] In addition, Appellant testified that he was drunk when he fell.[12] Contrary to the Appellant's assertions, there was no evidence presented that any agent of the licensee told the police that Appellant was drunk and disorderly. Further, the attorneys agreed at side bar that a hospital report taken five hours

---

[6] N.T. at 41-42.
[7] N.T. at 43-44.
[8] N.T. at 45-46.
[9] N.T. at 47.
[10] N.T. at 369-373.
[11] N.T. at 477.
[12] N.T. at 90.

after the incident, which showed that Appellant's blood alcohol content was 0.16, would not be admitted into evidence unless Appellant's attorney found it necessary to have it entered to rebut testimony Sunken Cork might present.[13] Of course, Sunken Cork never presented its evidence because Appellant was nonsuited.

In a case in which the Superior Court was faced with a situation where a plaintiff, a third party injured by an intoxicated person, had been nonsuited for failure to present evidence that the licensee involved had served the intoxicated person while he was visibly intoxicated, that Court stated:

> On appeal from a compulsory non-suit the plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence, whether direct or circumstantial, and all conflicts must be resolved in the plaintiff's favor. *A compulsory nonsuit may be entered only in a clear case where the facts and circumstances lead unerringly to but one conclusion.* Paul v. Hess Brothers, 226 Pa. Superior Ct. 92, 94-95, 312 A.2d 65, 66 (1973) (citations omitted). In a trespass case, a plaintiff need not exclude every other reasonable possibility that could have caused the accident. 'It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability.' Jones v. Treegoob, 433 Pa. 225, 230, 249 A.2d 352, 355 (1969).

*Speicher v. Reda,* 290 Pa. Superior Ct. 168, 171, 434 A.2d 183, 185 (1981) (emphasis in original), *quoting Cornell Drilling Co. v. Ford Motor Co.,* 241 Pa. Superior Ct. 129, 135, 359 A.2d 822, 825 (1976).

---

[13] N.T. at 420-421.

In reversing the trial court in *Speicher* the Superior Court said:

> The evidence, when viewed in light of this standard, indicates that Reynolds was visibly intoxicated to police and to Ms. Sloan. He was belligerent and subsequently unable to recall any of his actions. In addition, Reynolds pleaded guilty to driving under the influence of alcohol. And, the record discloses that the last location where Reynolds was located before entering his car was Duffy's tavern.

*Speicher* at 171-72, 434 at 185. Further, the Court in *Speicher* quoted with approval the following language from *Couts v. Ghion*, 281 Pa. Superior Ct. 135, 142, 421 A.2d 1184, 1188 (1980), an opinion written by Judge HOFFMAN with one Judge concurring in the result:

> Viewing the evidence in light of these principles, we conclude that the issue of whether Ghion was visibly intoxicated when he was served his last drink at the Holiday House bar should have been submitted to the jury. Evidence presented at trial established that Ghion had consumed a substantial amount of alcohol before being served his last drink; that Ghion had driven erratically and without using his car's lights in the dark; and that Ghion had appeared intoxicated to the investigating police officer. Additionally, improperly excluded evidence of Ghion's blood alcohol content . . . would have lent further support to an inference that Ghion may have been visibly intoxicated at the Holiday House bar. Despite the lack of direct evidence bearing on Ghion's condition when he was served his last drink, we think that the jury could have reasonably concluded that he was visibly intoxicated at that time. Accordingly, we

hold that the lower court erred in refusing to take off the compulsory nonsuit entered in favor of Holiday House.

In the case *sub judice* we also have no direct evidence bearing on Appellant's condition when he was served his last drink. We do, however, have his testimony that he fell off his bar stool immediately after being served his last drink, that he had quite a bit to drink and that he fell in the street after being escorted from the bar. We have a police report which indicates that he appeared drunk. Whether this evidence proves that he was visibly intoxicated when he was served his last drink is not for a judge to decide. We believe that the testimony raises a great number of questions, questions which a jury should be permitted to decide. While it is true, as the trial court notes, that much of Appellant's testimony is self-serving, it is the function of a jury to decide whether it believes him or not. Appellant's appearance when the police arrived may have been due to his intoxicated state or to his injury. Again, it is not for a judge to decide this issue, it is for a jury.

The trial court also reasoned that even if Appellant was visibly intoxicated when he was served his last drink, he has presented no evidence that his intoxicated state was the cause of the accident. The following exchange took place during cross-examination of Appellant:

Q What caused you to fall?

A I am not sure. I might have lost my balance going backwards.

Q Were you drunk?

A Yes.[14]

It is the province of the jury to decide if intoxication precipitated an accident. *Smith v. Evans*, 421 Pa. 247,

---

[14] N.T. at 90.

219 A.2d 310 (1966). Certainly, the Appellant's testimony would reasonably permit a jury to conclude that Appellant's intoxication was the proximate cause of his fall. Whether or not the fall caused his injuries is also a question of fact for a jury.

We conclude that the trial court erred in refusing to remove the compulsory nonsuit in favor of Sunken Cork. We must reverse that portion of the trial court's order and remand for further proceedings.

The second issue raised in Appellant's brief was whether the Political Subdivision Tort Claims Act[15] should be ruled unconstitutional by this Court. Appellant abandoned this issue at oral argument. Because this argument was the only challenge to the non-suit entered in favor of the Township, the trial court's refusal to remove the compulsory nonsuit in favor of the Township must be affirmed.[16]

---

[15] 42 Pa. C. S. §8541-8542. We note that our Supreme Court upheld the constitutionality of the Act in *Carroll v. County of York*, 496 Pa. 363, 437 A.2d 394 (1981).

[16] By abandoning his second issue, Appellant effectively relieved the Township from being a party to this litigation. We are aware that a question could be raised as to whether this Court now properly has jurisdiction to hear this appeal. Neither party has raised the question of jurisdiction, however. Section 704 of the Judicial Code, 42 Pa. C. S. §704 states in pertinent part:

(a) **General Rule.**—The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provisions of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

We believe that the interests of judicial economy and Section 704 lead to the conclusion that this Court is properly deciding this appeal.

ORDER

The order of the Court of Common Pleas of Allegheny County in No. GD81-499C, dated January 9, 1985, is reversed and remanded in part and affirmed in part. The refusal to remove the compulsory nonsuit entered in favor of the Sunken Cork, Inc. is reversed and the case remanded for proceedings consistent with the foregoing opinion. The refusal to remove the compulsory nonsuit entered in favor of the Township of Mount Lebanon is affirmed.

Jurisdiction is relinquished.