Hinebaugh v. Pennsylvania Snowseekers
Snowmobile Club

*David L. Gropp,* for plaintiff.

*Scott G. Dunlop* and *Christian D. Marquis,* for defendant.

MOTTO, *J.,* August 14, 2003—Before the court for disposition is the motion for summary judgment filed by the defendant. The defendant, the Pennsylvania Snowseekers Club, contends that as to Count I of the complaint, that as a matter of law, the defendant is not in violation of the Pennsylvania Dram Shop Act. It contends that it is not a licensed entity in accordance with the Pennsylvania Liquor Code, nor does any evidence exist that the plaintiff was visibly intoxicated; therefore, no issue of material fact exists and it cannot be found negligent per se. Defendant also contends as to Count II of the complaint, that as a matter of law, the defendant cannot be held liable under the common-law negligence theory of social host liability.

Defendant filed its motion on February 28, 2002 seeking summary judgment against plaintiff John W. Hinebaugh. The matter was given the date of May 28, 2002 for oral argument. On June 7, 2003, this court entered an order stating that defendant's motion for summary judgment is denied because it was premature to determine that plaintiff cannot produce enough evidence that he was visibly intoxicated at the time he obtained alcoholic beverages from defendant's social room. The parties were ordered to complete discovery by September 30, 2002.

On December 16, 2002, the defendant filed a supplemental motion for summary judgment. This court, by order dated April 2, 2002, found that the plaintiff must be given the opportunity to prove at trial the allegation of "visible intoxication" of plaintiff's decedent, as such issue can be proved by circumstantial evidence. The defendant then filed a motion for reconsideration and clarification. The court granted reconsideration.

This case arises out of a snowmobile accident on the evening of January 7, 1995. The defendant is a duly incorporated nonprofit entity with a registered address in Ellwood City, Lawrence County, Pennsylvania, with its stated chartered purpose being:

"To promote good fellowship and to promote the sport of snowmobiling activities and to exercise care and supervision over the operation and use of snowmobiles; to participate in games, not for profit, but conducive to physical and mental development and the amusement of its members and for the purpose of acquiring such property and other necessary equipment to be used for the furthering of the purposes of the corporation."

Plaintiff was at the defendant's clubhouse to partake in various club-related activities. The defendant maintained a clubhouse which contains lodging room, a kitchen and a dining area, with various other facility rooms therein including a social room equipped with bar and its related accouterments. Per the defendant club's bylaws, it had a standing committee therein referred to as the "bar committee," to which its officials or members sometimes refer as the "social room committee," to operate the bar in said social room.

Per the defendant club's requirements to have the privilege of purchasing beverages at the bar in the social room, a person had to either be a regular member or social member of the club. The defendant required any person using the clubhouse facilities for any reason to become at least a social member; such person could then purchase a beverage at the bar. Payment of the purchase price for a beverage was accomplished via a punch-out card which a regular member or social member could obtain for a fee. The amount equal to the cost of the drink was punched out when a beverage was obtained from the bar. It is not disputed that the plaintiff consumed alcohol on the night in question.

At approximately 8:50 p.m., the plaintiff and other club members of the defendant departed the clubhouse to take a snowmobile ride. Approximately one-half mile from the clubhouse, the plaintiff, riding his own snowmobile, collided with a tree while riding the snowmobile. As a result of the collision, the plaintiff sustained serious personal injuries.

Plaintiff's complaint consists of two counts. Count I alleges negligence per se against the defendant for the

sale of alcoholic beverages to the plaintiff when he was visibly intoxicated in violation of that portion of the Pennsylvania Liquor Code known as the Pennsylvania Dram Shop Act. Count II states a theory of common-law negligence in providing the plaintiff with alcoholic beverages as a social host.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company,* 746 A.2d 649 (Pa. Super. 2000).

Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Id.* The non-moving party must adduce sufficient evidence on issues essential to its case on which he bears the burden of proof such that a jury could return a verdict in its favor. *Ertel v. Patriot-News Company,* 544 Pa. 93, 647 A.2d 1038 (1996), *reargument denied* (1996), *certiorari denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d

916 (1992), *alloc. denied,* 532 Pa. 663, 616 A.2d 985 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer,* 783 A.2d 815 (Pa. Super. 2001).

The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore,* 152 Pa. Commw. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). For summary judgment purposes, a "material fact" is one that directly affects the outcome of the case. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000). In passing on a motion for summary judgment, the court must examine the record in a light most favorable to the nonmovant and resolve any doubt in his favor. *Swartley v. Hoffner,* 734 A.2d 915 (Pa. Super. 1999).

The moving party has the burden of proving the non-existence of any genuine issue of material fact; the non-moving party must demonstrate that there is a genuine issue for trial. The party moving for summary judgment may not rely solely on its own testimonial affidavits or depositions or those of its witnesses to establish the non-existence of a genuine issue of material fact. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *alloc. denied,* 532 Pa. 663, 616 A.2d 985 (1992).

With the above rules in mind, we will now consider defendant's motion for summary judgment.

It is well-settled in this Commonwealth that in order to be held liable under the Pennsylvania Dram Shop Act, 47 P.S. §4-493(a), an injured plaintiff must prove two things: "(1) that [he] was served alcoholic beverages by a licensee while visibly intoxicated and (2) that [the] violation of the statute proximately caused [his] injuries." *Johnson v. Harris,* 419 Pa. Super. 541, 550, 615 A.2d 771, 775 (1992). Section 4-493(1) of the Pennsylvania Liquor Code holds that it is unlawful:

"(1) For any licensee or the board, *or any other person,* to sell, furnish or give any liquor or malt or brewed beverages or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor or to habitual drunkard, or person of known intemperate habits." 47 P.S. §4-493(1).

The statutory prohibition of said section 4-493(1) is not limited to a "licensee" as the words of "any other person" includes non-licensees of the Pennsylvania Liquor Control Board. *Commonwealth v. Randall,* 183 Pa. Super. 603, 133 A.2d 276 (1957).

The defendants are asserting that they were not receiving remuneration via its prepaid punch-card system. As defined by the Pennsylvania Liquor Code, a "sale" shall include any transfer of liquor, alcohol, or malt or brewed beverage for a consideration. Pennsylvania Liquor Code 47 P.S. §1-102. To purchase a beverage from the defendant's bar, the person was not asked to make a donation, but was required to first obtain either a $20 or $10 punch-out card on which the defendant, at the time

of purchase of the beverage, arranged to punch-out a sufficient number of the 50-cent increments credits thereon to equal the price the defendant was charging for the type of beverage purchased. The prepaid punch-card system created by the defendant club constitutes a sale requiring the defendant club to have procured a license from the Liquor Control Board to so operate its bar. Pennsylvania Liquor Code 47 P.S. §1-104; *Goodwill Fire Company of Bethlehem License Case,* 166 Pa. Super. 42, 70 A.2d 706 (1950).

These facts allow the court to conclude that the defendant has "licensee status," and the transfer of alcohol at the defendant club constituted a sale for consideration.

The mere selling of alcoholic beverages in and of itself does not constitute negligence per se violation of the aforesaid section of the Pennsylvania Liquor Code. Said section also requires that the sale is to have occurred while the buyer is visibly intoxicated. The defendant asserts that there is no issue or material fact to Hinebaugh being visibly intoxicated at the clubhouse that day.

Both direct and circumstantial evidence of visible intoxication is admissible in negligence per se or dram shop action. Particularly, it has been held "a plaintiff can prove dram shop liability in the absence of direct eyewitness evidence that an individual was served alcohol at a time when he or she was visibly intoxicated." *Fandozzi v. Kelly Hotel Inc.,* 711 A.2d 524, 527 (Pa. Super. 1998). The blood alcohol content of a person is usually only one element for a jury to consider in determining whether or not a person was visibly intoxicated when served. *Ackerman v. Delcomico,* 336 Pa. Super. 569, 486 A.2d 410 (1984). Blood alcohol content and expert testimony

alone relating the blood alcohol content at previous time frames, while deemed proper to evidence a person being physically impaired to operate a vehicle, when standing alone has been deemed insufficient to evidence that the person was visibly intoxicated at the time he was served alcoholic beverages. Other evidence, including but not necessarily limited to consumption of alcohol and the time of last consumption, odor of alcohol, slurred speech, staggering gait or erratic driving, and the shortness or longness of passage of time since leaving the establishment where intoxicating beverages were consumed are matters of direct evidence necessary to be admitted along with the testimony of the toxicologist. *Jardine v. Upper Darby Lodge No. 1973,* 413 Pa. 626, 198 A.2d 550 (1964); *Speicher v. Reda,* 290 Pa. Super. 168, 434 A.2d 183 (1981); *Ackerman v. Delcomico, supra; Conner v. Duffy,* 438 Pa. Super. 277, 652 A.2d 372 (1994).

There is enough circumstantial evidence of visible intoxication in this case to warrant a denial of summary judgment on Count I of the complaint. All of the persons deposed thus far relate minimal observation of the plaintiff so as not to be able to state whether or not he appeared visibly intoxicated. By the plaintiff's own admission, absent the surfacing of a person yet unknown, the plaintiff will not be able to present any witness to state or provide direct evidence that plaintiff was visibly intoxicated while being served at defendant's bar. All the people deposed to this date have stated that they did not observe plaintiff for sufficient periods of time, thereby verifying that they were unable to support their written affidavits that plaintiff was not visibly intoxicated.

To date, the evidence of visible intoxication includes: (1) the defendant club's clubhouse was the only establishment in which plaintiff consumed alcohol, (2) testimony as to the behavioral outbursts at various times by the plaintiff after speaking to his wife on the phone as related by Richard Hayes and Art Amsler, (3) the short distance of the snowmobile trek from the defendant's clubhouse (2,600 feet) with the straight-line path of snowmobile going off the highway trait at its initial curve, (4) the heavy smell/odor of alcohol about his person as stated or noted by the ambulance/emergency personnel who commenced treatment at the accident scene as of 9:12 p.m., (5) the blood alcohol content of .192 of blood drawn at the hospital at 10:19 p.m., and (6) the testimony of a toxicologist expert witness to educate the fact-finder as the number of alcoholic drinks required to be consumed to achieve that blood alcohol level and the impairment it would have on a person.

This court notes that "relation back" testimony by an expert based on blood alcohol content is insufficient to prove that a person was visibly intoxicated at the time of being provided with alcoholic beverages. *Conner v. Duffy,* 438 Pa. Super. 277, 652 A.2d 372 (1994). In *Johnson v. Harris,* 419 Pa. Super. 541, 615 A.2d 771 (1992), the Superior Court held that a licensee could not be held liable under the Dram Shop Act absent evidence that the patron in question was visibly intoxicated at the time he was served alcohol by the licensee. The injured plaintiff in *Johnson* only produced an expert affidavit of a physician, who opined that the driver who caused the accident would have displayed visible signs of intoxication at the time of being served, given the driver's blood alcohol

content level one hour after the accident. However, the plaintiff produced no eyewitness who could testify to the driver's visible intoxication. In the absence of such direct evidence, the Superior Court affirmed the trial court and held that the opinion of the expert was not sufficient to create a genuine issue of material fact to overcome summary judgment. *Johnson, supra.* Additionally, it is noted that evidence of alcoholic beverages being served to a person is not sufficient to establish visible intoxication. *Holpp v. Fez Inc.,* 440 Pa. Super. 512, 656 A.2d 147 (1995).

The evidence presented thus far to this court includes more than just a physician's report. Several of the depositions have stated that plaintiff was consuming alcohol throughout the day and that he was visibly upset after he received a phone call from his wife. Those two factors along with the circumstances surrounding the accident and a toxicologist's report is enough circumstantial evidence so that the court cannot conclude that defendant is entitled to judgment as a matter of law, as the case is not clear and free from doubt as to the existence of a question of fact in the issue of visible intoxication.

Most recently, the Superior Court has relied on circumstantial evidence to create a jury question as to whether a person was served while visibly intoxicated. *Fandozzi v. Kelly Hotel Inc., supra.* In that case, the individual was staggering, slurring his speech and falling down. But that list is not exhaustive. The facts of the case pending before this court, including the testimony of a toxicologist as to the blood alcohol level of plaintiff, per the holding and guidelines in *Fandozzi v. Kelly Hotel Inc., supra,* is enough circumstantial evidence to

submit to the fact-finder the issue of visibly intoxicated while served alcohol.

As to Count II of the complaint, the plaintiff asserts that the defendant club having undertaken to sponsor and provide two activities concurrently for remuneration, namely operation of snowmobiles and consumption of alcoholic beverages by persons it knew were or were likely to operate snowmobiles, created for itself a duty to preclude the operation of the snowmobiles while patrons were under the influence of alcohol.

This court can find no case law that defendant club had a corporate duty to exercise care and supervision over the operation and use of snowmobiles by persons using its clubhouse for its sponsored activities, and that the defendant club had a duty to a class of persons to whom the defendant club had established and held itself out to provide safe amusement.

It is the common-law view in this Commonwealth that "there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests." *Klein v. Raysinger,* 504 Pa. 141, 148, 470 A.2d 507, 511 (1983). A social host is a person or entity that provides free alcoholic beverages. *Manning v. Andy,* 454 Pa. 237, 310 A.2d 75 (1973), involving an employer party for employees where alcoholic beverages were provided without charge, *i.e.* no remuneration; *Couts v. Ghion,* 281 Pa. Super. 135, 421 A.2d 1184 (1980), wherein social host business employer paid corporate liquor licensed holder to provide free drinks to participants in social host's business meeting held at licensed establishment; *Klein v. Raysinger, supra,* involving private homeowners serving alcoholic beverages to a visitor to their home with-

out remuneration therefore; *Congini by Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983), involving an employer Christmas party for employees where alcoholic beverages were provided without charge, *i.e.* no remuneration to the employer. Because this court previously held that defendant accepted remuneration of alcohol via the punch-card system, the defendant cannot be considered a social host. It is undisputed that plaintiff was an adult individual on the day of the accident; therefore, they cannot prevail under a common-law theory of negligence, regardless of where defendant is held to the standard of liquor licensee or a social host. *Congini, supra* (imposing social host liability on an individual who serves alcohol to a minor).

In conclusion, the court finds that even if the defendant was a social host, the law imposes no liability on the defendant. Furthermore, this court has already determined that the defendant was more than a social host by accepting remuneration for alcohol on the day of the accident. Therefore, this court finds that no genuine issue of material fact exists and as a matter of law, summary judgment should be granted in favor of the defendants on Count II.

## ORDER

And now, August 14, 2003, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed as follows:

(1) Defendant's motion for summary judgment as to Count I of the complaint, alleging a violation of the Dram Shop Act is denied.

(2) Defendant's motion for summary judgment as to Count II of the complaint alleging negligence is granted and Count II of the complaint is dismissed.